# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CATAWBA ASSOCIATES –
CHRISTIANA LLC,

       Plaintiff,

       v.

PARTHIBAN JAYARAMAN,
PRADIP C. SAHA, and PUSAN
RE NEWARK, LLC,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N16C-01-250 PRW

Submitted: September 1, 2016
Decided: September 26, 2016

## ORDER

*Upon Plaintiff Catawba Associates—Christiana LLC's Motion for Reargument,*
**DENIED.**

This 26th day of September, 2016, upon consideration of Plaintiff Catawba Associates—Christiana LLC's ("Catawba") Motion for Reargument (D.I. 31) of this Court's order denying Catawba's Motion for Judgment on the Pleadings (D.I. 30); the Defendants' Parthiban Jayaraman, Pradip C. Saha, and Pusan RE Newark, LLC's response thereto (D.I. 33); and the record in this matter, it appears to the Court that:

(1) A motion for reargument under Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or

-1-

judgment.[1] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2] The moving party has the burden to demonstrate that the Court must correct an error of law in or prevent manifest injustice deriving from its judgment.[3] A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court.[4] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the decision" challenged.[5] Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[6]

---

[1]  *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal quotations omitted); *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

[2]  *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[3]  *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors"); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[4]  *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid*, 2008 WL 2943373, at *1; *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) ("[R]elief under Rule 59 is available to prevent injustice-not to offer a forum for disgruntled litigants to recast their losing arguments with new rhetoric.") (internal quotations and citations omitted).

[5]  *Jimmy's Grille*, 2000 WL 1211167, at *2.

[6]  Super. Ct. Civ. R. 59(e).

(2) Catawba asks the Court to reconsider two things: (a) what should be the Lease Agreement's definition of "vacant" after a voluntary termination of the lease; and (b) whether the "materials" it claims were "proffered by the Defendants" and, in its view, "incorporated into the pleadings in this case," specifically, an exhibit or exhibits from a Justice of the Peace Court ("JP Court") case, "meet the Court's requirement of establishing the extent, size, condition, and lack of value of the items" Defendants requested be removed on December 18, 2015.[7]

(3) In support of this motion, Catawba first argues that the Agreement of Sale "referenced the Lease and therefore its provisions regarding the end of a tenancy."[8] According to Catawba, this reference – requiring the Tenant to surrender the property "in good condition and repair" – alone provided the definition of "vacant" for Section 5(a) in the Agreement of Sale. Thus, Catawba argues, the Property was "vacant" by the terms of the Lease so long as there was a voluntary termination of the Lease.[9]

(4) This section of the Lease agreement states that the "Seller shall diligently pursue to remove the Tenant occupying the property pursuant to the Lease, in order to deliver possession of the Property to Buyer vacant and not

---

[7] Pl.'s Mot. Reargument at 4.

[8] *Id.* at 3.

[9] *Id.* at 3-4.

subject to any possessory or leasehold rights of the Tenant . . . ."[10] The section does not provide a definition of "vacant." As such, the Court adopted the plain, dictionary meaning of the word.[11] There is a meaningful distinction between interpreting the term "vacant" as used in the context of a lease and interpreting that word when "possession is not the goal".[12] Reiterated again here, if the issue of "vacancy was only relevant to determine possession, then the JP Court's decision would have already resolved the issue and th[is] Court would inquire no further. But not so here."[13] Catawba contends the Lease Agreement sufficiently defines "vacant," and by transferring legal possession under the Lease Agreement, it had transferred sufficiently "vacant" property. Catawba's reliance on the Lease Agreement here leads to an incorrect conclusion.

(5) Whether or not the property legally changed hands is no longer at issue. Both parties agreed at argument on the pleadings motion that the JP Court

---

[10] Pl.'s Act. For Declaratory Judgment, Exhibit A.

[11] *Catawba Associates-Christiana LLC v. Jayaraman*, 2016 WL 4502306, at *6, *8-9 (Del. Super. Ct. Aug. 26, 2016).

[12] *Id.* at *8.

[13] *Id.*

found that rightful possession properly transferred on December 11, 2015.[14] At issue here is the definition "vacant" for the purposes of damages.

(6)  A mere transfer of property rights does not mean that it was "vacant" in the sense that the prior tenants removed their effects. Likewise, assuming the property was entirely clear of any and all items does not mean property rights changed hands. They are two separate and distinct conditions. What defines "vacant" here remains to be answered, while what defines the legal transfer of property is clear.

(7)  In this motion, Catawba argues the question already decided, while leaving that still at play unanswered. A motion for reargument under Rule 59(e) does not provide a forum for rehashing old arguments, especially those already decided and agreed upon. Such a motion is only appropriate when the Court must reconsider the findings of fact, conclusions of law, or judgment.[15] Here, the findings of fact thus far do not provide a definitive answer as to whether the property was "vacant" in this case. The Court has neither "overlooked a controlling precedent or legal principle," nor "misapprehended the law or facts

---

[14]  Order on Trial De Novo, Justice of the Peace Court No. 13, Pusan RE Newark, LLC v. Grayling Corp. (July 18, 2016).

[15]  *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal quotations omitted); *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

such as would have changed the outcome of the underling decision."[16] Thus, Catawba's argument that "vacant" is defined by the Lease Agreement is without merit.

(8)  Second, Catawba argues that the Court overlooked documents proffered in the JP Court case. Catawba claims the documents meet the Court's requirement for establishing the extent, size, condition, and lack of value of items Defendants requested to be removed.[17] While this could be true, the Court could not consider that which it did not have.

(9)  The photographs Catawba references to support its reargument motion are presented to the Court for the first time in that motion. The Court did not have them to consider at the time of the ruling on the motion for judgment on the pleadings. At the motion for judgment on the pleadings stage, the burden is on the moving party to show that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.[18] It is not this, or any,

---

[16]  *Jackson v. Wallo*, 2012 WL 6846548, at *2 (Del. Super. Ct. Dec. 26, 2012) (quoting *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept.24, 2007)).

[17]  Pl.'s Mot. Reargument at 4-6.

[18]  *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Ct. Jan. 17, 2014); *City of Harrington v. Delaware State Fair, Inc.*, 2015 WL 4464899, at *2 (Del. Super. Ct. June 22, 2015) ("The procedural standard of review for a motion for judgment on the pleadings under Rule 12(c) is similar to that for a motion to dismiss under rule 12(b)(6)."); *Velocity Exp., Inc. v. Office Depot, Inc.*, 2009 WL 406807, at *3 (Del. Super. Ct. Feb. 4, 2009); *Potomac Ins. Co. of Illinois v. Corp. Interiors of Delaware, Inc.*, 2001 WL 1474813, at *2 (Del. Super. Ct. Nov. 1, 2001), *aff'd*, 808 A.2d 1204 (Del. 2002). *See also* Del.

Court's job to conduct a factual or substantive inquiry on a dispositive motion beyond the information the moving party presents.[19]

(10) While it is true that pictures were presented at the JP Court proceeding, the images were not placed into the record of this Court. The images were mentioned via non-descript attachment numbers in the heading of an e-mail exhibit.[20] The images were not presented to this Court until Catawba filed its motion for reargument. Mentioning images existed at the time of the motion for judgment on the pleadings but never producing them is not enough. If Catawba (here as moving party) found the images to be so necessary to the determination of the definition of "vacant," it might have produced them for the Court to consider during the pleadings judgment proceedings.

(11) But even if the pictures were actually presented in Catawba's motion for judgment on the pleadings, they would not be sufficient to change the outcome. The Court is versed neither in the applicable commercial real estate practices engaged in such a property transfer nor with the value of the restaurant equipment involved here. The images presented now may be helpful, but are not dispositive, as to the ultimate question of the extent, size, condition, or value of items

Super. Ct. Civ. R. 12 ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.").

[19] *See generally United States v. Dunkel*, 927 F.2d 955, 956 (1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[20] Def.'s Ans., Ex. A

-7-

Defendants claim should have been removed. These images only show what was left behind. They do not establish whether or not that depicted rendered the property "vacant." This determination is for the fact finder after it is presented with sufficient facts. The images alone, with no interpretative or assistive testimony, are not enough for the Court to render a dispositive judgment.

(12) The Court finds that Catawba presents (a) arguments already considered by the Court and (b) new arguments based on the photographs. Both are improper in a Rule 59(e) motion for reargument.[21] Because Catawba fails to meet its heavy burden of demonstrating a need to correct an error of law or to prevent manifest injustice, the Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

**Paul R. Wallace, Judge**

---

[21] *See CNH America, LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014).